IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| PAUL BENBOW, ) | Civil Action No. 3:09-2977-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Plaintiff, Paul Benbow ("Benbow"), filed this action on November 13, 2009. He alleges a claim under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. On February 17, 2010, the Honorable Cameron McGowan Currie, United States District Judge, granted the motion of Plaintiff's counsel to withdraw.[1] Defendant, Hartford Life and Accident Insurance Company ("Hartford") filed a motion for summary judgment on April 30, 2010. Benbow, because he is now proceeding pro se, was advised on May 7, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. Benbow has not filed a response.

## STANDARD FOR SUMMARY JUDGMENT

  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## **DISCUSSION**

Benbow was employed by Wal-Mart Stores, Inc. ("Wal-Mart") or one of its affiliates. An employee benefit plan (the "Plan") was established by Wal-Mart. Group Policy No. GRH 205215 (the "Policy") was issued by Hartford to Wal-Mart to fund the short-term disability ("STD") benefit portion of the Plan. Hartford provides, and Benbow has not disputed, that the Plan and Policy are governed by ERISA. Defendant's Motion for Summary Judgment at 1. Benbow claims, pursuant to 29 U.S.C. § 1132(a)(1)(B), that Hartford abused its discretion by denying him STD benefits. Complaint at 3-4.

Hartford argues that it is entitled to summary judgment because Benbow was never covered under the Policy and thus was not eligible for benefits under the Policy. The record contains a copy of the Plan document that governs Benbow's claim and a copy of pertinent documents relating to Benbow's claim for benefits. See Joanne Wyzykowski[2] Aff., Para. 2 and Exs. A and B. Benbow submitted a claim to Hartford for STD benefits in February 2009. Ex. B at H-BEN-STD-113-121.

---

[2] Wyzykowski is an Appeal Specialist employed by Hartford. Wyzykowski Aff., Para. 1.

2

Wal-Mart informed Hartford that Benbow was not enrolled for coverage. On March 20, 2009, Hartford denied Benbow's claim because Benbow was not enrolled for coverage. Id. at H-BEN-STD-111-112. Benbow appealed the decision. Id. at H-BEN-STD-107. On June 25, 2009, Hartford upheld its denial and notified Benbow by letter. Id. at H-BEN-STD-105-06.

Where the administrator or fiduciary of an ERISA-covered plan exercises discretionary authority granted by the plan, the court reviews that determination under an abuse of discretion standard. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343, 2347-48, 171 L.Ed.2d 299 (2008) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111-13, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). Hartford asserts, and Benbow has presented nothing to dispute, that the Policy grants Hartford the discretion to interpret the terms of the Policy. The Policy provides:

> The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

Ex. B, H-BEN-STD-027. Thus, the abuse of discretion standard should be applied in this action.

Under the abuse of discretion standard, the court is required to uphold the administrator's decision if it is reasonable, even if the court would have come to a different conclusion had it considered the matter independently. See Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232 (4th Cir.1997). A decision is reasonable if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Id. at 232 (quoting Brogan v. Holland, 105 F.3d 158, 161 (4th Cir.1997)).

Hartford has presented evidence that it denied Benbow's claim for STD benefits because Benbow was not covered under the Policy and thus he was not entitled to benefits under such. Benbow has presented nothing to dispute the facts asserted by Hartford or to show that he was

enrolled for coverage. Hartford's decision to deny benefits is reasonable such that the decision should be upheld.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion for summary judgment (Doc. 18) be **granted**.

                                               Joseph R. McCrorey
                                               United States Magistrate Judge

February 11, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).